IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION  MDL No. 2326

---

THIS DOCUMENT RELATES TO:

*Wanda Tillman, et al. v. Boston Scientific Corporation*
Civil Action No. 2:14-cv-15607

## MEMORANDUM OPINION & ORDER

Pending before the court is the Defendant's Motion to Dismiss with Prejudice [ECF No. 12] filed by Boston Scientific Corporation ("BSC"). The plaintiffs have responded to the Motion. [ECF No. 14]. Thus, this matter is ripe for my review. For the reasons stated below, the Motion is **DENIED**.

I. Background

The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the six remaining active MDLs, there are more than 19,000 cases currently pending, approximately 3800 of which are in the BSC MDL, MDL 2326.

In an effort to efficiently and effectively manage this MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the

appropriate district for trial. To this end, the court placed this and other cases in BSC Wave 4. Pretrial Order ("PTO") # 175 [ECF No. 4955], *In re Bos. Sci. Corp., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02326, http://www.wvsd.uscourts.gov/MDL/boston/orders.html.

Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. PTO # 175, for example, provides that each plaintiff in Wave 4 must submit a completed Plaintiff Fact Sheet ("PFS") to defendants by March 19, 2018. PTO # 175, at 2. BSC claims that the plaintiffs did not comply with PTO # 175 "without any justification for that failure and without seeking leave of Court." Def.'s Mot. Dismiss with Prejudice 1. On this basis, BSC now seeks dismissal of the plaintiffs' case with prejudice.

## II. Discussion

Pursuant to PTO # 175, each plaintiff in Wave 4 was ordered to complete and serve a PFS on defendants by March 19, 2018. PTO # 175, at 2. According to BSC, the plaintiffs failed to submit a completed PFS within the court-ordered deadline. Accordingly, pursuant to PTO # 175, BSC now moves for dismissal of the plaintiffs' case with prejudice.

In response, the plaintiffs state that they previously served their PFS on defense counsel on July 7, 2014—almost four years prior to the deadline set forth in PTO # 175. Pls.' Resp. to Def.'s Mot. Dismiss with Prejudice 1. Furthermore, the

2

plaintiffs note that they filed their PFS with the court on June 6, 2017, in accordance with PTO # 164. *Id.*; *see also* PTO # 164 [ECF No. 3180], *In re Bos. Sci. Corp., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02326, http://www.wvsd.uscourts.gov/MDL/boston/orders.html ("In all cases in this MDL filed on or before March 1, 2017, each plaintiff must filed with the Clerk of the court in that plaintiff's individual case, . . . if she is required to do so by virtue of a wave or other order, a copy of her Plaintiff Fact Sheet ("PFS"), excluding verifications and authorizations, on or before **June 21, 2017**."). Indeed, the plaintiffs' PFS appears on the docket report for this case at ECF No. 9, and is therefore available to defense counsel. Accordingly, dismissal of the plaintiffs' case with prejudice is unwarranted.

### III. Conclusion

It is **ORDERED** that the Defendant's Motion to Dismiss with Prejudice [ECF No. 12] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 21, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE